UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-333-GFVT

RANDY SINGLETON, PLAINTIFF,

V. **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security, DEFENDANT.

## I. INTRODUCTION

Randy Singleton brings this action under 42 U.S.C. § 405(g) challenging the Defendant Commissioner's final decision denying his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). Referred for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B), [R. 13], the matter is ripe for review. For the reasons set forth below, the undersigned recommends that the Plaintiff's Motion for Summary Judgment [R. 11] be denied, the Defendant's Motion for Summary Judgment [R. 12] be granted, and the Commissioner's decision affirmed.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Singleton was born in 1973 and was 36 years old on the date of the Administrative Law Judge's decision. [Tr. 21, 140]. He completed high school, and reports no additional education or vocational training. [Tr. 26, 148]. He resides with a friend, though he has children from a past marriage who do not reside with him. [Tr. 166]. His relevant employment experience is as a cashier from 1998 to 2001, and assembly line worker at a candle manufacturer from 2002 to 2006. [Tr. 145,

175-77].

In his Disability Report, Form SSA-3368, the Singleton claimed limited work due to "spina bifida in lower back, fibromyalgia, and anxiety and depression." [Tr. 144]. He protectively filed for a period of disability benefits and SSI on January 18, 2007. [Tr. 119-25, 140]. His claims were denied initially [Tr. 82, 90-93], and on reconsideration. [Tr. 84, 98-100]. Subsequently, he requested and was granted a hearing before an Administrative Law Judge (ALJ) on November 12, 2008. [Tr. 23-50]. The Plaintiff testified at the hearing, and was represented by counsel, Roger Riggs. [Tr. 23]. The ALJ also heard testimony from a vocational expert, Betty Hale. [Tr. 45-49].

The ALJ ruled against the Plaintiff in a written decision dated April 1, 2009, finding that he suffered from severe impairments of "spina bifida, spondylosis and spodylolisthesis of the lumbar spine and fibromyalgia (20 C.F.R. 404.1521 *et seq.* And 416.921, *et seq.*)." [Tr. 15-22; 17]. However, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 AND 416.926)." [Tr. 19]. The ALJ further found that Singleton retained the residual functional capacity to perform a range of light work, stating that although he was unable to perform any past relevant work, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [Tr. 20-21]. Based on these findings, the ALJ determined that Singleton was not under a "disability" as defined by the Social Security Act. [Tr. 22]. Following the ALJ's adverse decision, Singleton exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. 1-3].

On October 6, 2009, the he filed the present action. [R. 2]. In his Motion for Summary Judgment [R. 11], he presents multiple arguments calling for the Court to revere the ALJ's opinion. The Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 12].

## III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517

3

F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In this action, the Plaintiff lists eight (8) "issues presented," which are alleged errors made by the ALJ:

1. Whether the ALJ met the required standard of giving appropriate weight to the opinion of the treating physician.

2. Whether the ALJ gave adequate reasoning for refusing to accept the opinions of the treating physician.

3. Whether the ALJ considered the combined effects of all the plaintiff's impairments without regard to whether any such impairments, if considered separately, would be of sufficient severity to render plaintiff disabled.

4. Whether the ALJ has considered the durational requirement of substantial gainful activity and not merely the ability to find a job and physically perform it.

5. Whether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming longitudinal record evidence.

6. Whether the ALJ can accept the opinion of two consultative examiners, neither of whom performed any objective evidence where the ALJ cited Dr. Burchett's opinion as "the objective evidence provided."

7. Whether the ALJ should have considered claimant's psychological symptomotology when citing the claimant's limitations to the vocational expert.

8. Whether the number of jobs cited as available would equate to the requirement that jobs exist in significant numbers in the local or national economy even under the least restrictive of the ALJ's hypotheticals.

[R. 11 at 1-2]. The first seven issues listed by the Plaintiff are discussed with more specificity in

the Plaintiff's motion. Issue number eight, however, regarding the number of jobs cited by the vocational expert, was not developed further. It is well-established that courts "[are] not obligated to consider unsupported arguments inadequately developed in the briefs." Lewless v. Sec'y of Health and Hum. Servs., 25 F.3d 1049 (Table), 1994 WL 201887 at *4 (6th Cir. 1994); see also, United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); Collins v. Astrue, 6:08-177-HRW, 2009 WL 29405 at *2 (E.D. Ky. Jan. 5, 2009). Due to the lack of supporting argument for issue eight, the Court finds that the issue is waived. The remaining seven issues presented by the Plaintiff are sufficiently supported, and will be addressed in turn.

### A. Opinion of Treating Physician

The Plaintiff's primary arguments, listed by the Plaintiff as issues one, two, five and six, are that the ALJ failed to accord sufficient weight to his treating physician's opinions, and accorded too much weight to the opinions of consultative examiners. [R. 11 at 2, 5-7].

Treating physicians' opinions are normally given substantial, if not controlling, deference; however, they "are only given such deference when supported by objective medical evidence." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) *citing* Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). In the present action, the ALJ permissibly decided to give lesser weight to the opinions of Dr. Saylor because her opinion was "offered without analysis, elaboration or rationale." [Tr. 20]. On the other hand, the ALJ gave greater weight to consultative examiner Dr. Burchett, "whose report contained objective data to support his conclusions." [Tr. 20].

When an ALJ decides not to give a treating source controlling weight, the ALJ applies the following factors: "(1) the length of the treatment relationship and the frequency of examination;

(2) nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source." Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 747 (6th Cir. 2007). In declining to accord great weight to Dr. Saylor's opinions, the ALJ specifically focused on the third and fourth factors set forth above, supportability and consistency with the record.[1] The ALJ analyzed the records of Dr. Saylor and noted that they "contained minimal objective notations regarding the [Plaintiff's] strength, range of motion or presence of trigger points." [Tr. 17]. The ALJ then reviewed the records of consultative examiner Dr. Burchett as follows: "[Dr. Burchett's] report contained objective data to support his conclusions: the claimant had zero of 18 standard fibromyalgia trigger points; there was no sign of muscle spasm; there was no tenderness in the arms or legs; there was full range of motion throughout the body; the normal nerves, sensation and reflexes were normal." [Tr. 20]. Furthermore, the ALJ cited two non-examining State agency physicians who concluded that the Plaintiff "was capable of performing a wide to full range of medium-level work." [Tr. 20].

It is the role of the ALJ to resolve conflicts within the evidence. Burton v. Halter, 246 F.3d 762, 775 (6th Cir. 2001). In the present case, the ALJ was faced with inconsistent evidence in the medical record, and resolved those conflicts by determining that Dr. Saylor's opinions were not supported by objective medical evidence, and not entitled to great deference. "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p 1996 WL 374188

---

[1] Even though the ALJ did not expressly address all the factors listed in 404.1527(d), the ALJ clearly provided support for his refusal to give Dr. Saylor's opinions controlling weight. The ALJ, therefore, complied with the purposes of 404.1527(d), and the failure to individually address all the factors is harmless error. Nelson v. Comm'r of Soc. Sec., 195 Fed. App'x 462, 469 (6th Cir. 2006).

at *2 (July 2, 1996). The ALJ found Dr. Saylor's opinions regarding Singleton's injuries to be unsupported by objective medical evidence and in conflict with other evidence of record, therefore, he determined that her opinion was not entitled to controlling weight. The regulations require that an ALJ articulate clear reasons for discounting the opinion of treating physicians; this requirement exists "in part, to let claimants understand the disposition of their cases." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)(internal citation omitted). This is particularly important for claimants who have been told by their physicians that they suffer from a disability, and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Id. citing Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). In addition, the reason-giving requirement assures that decisions are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p 1996 WL 374188 at *5 (July 2, 1996). The ALJ's decision in the present case complies with the purposes of the reason-giving requirements set forth in the regulations, and his decision to give little probative weight to the opinions of Dr. Saylor is supported by substantial evidence.

### B. Combined Effects of Plaintiff's Impairments

The Plaintiff argues that the ALJ failed to properly consider the combined effects of the his impairments. [R. 11 at 2, 5]. The Plaintiff correctly notes that the regulations expressly require the ALJ to consider the combined effects of any impairments suffered by a claimant. 20 C.F.R. § 404.1523; Walker v. Sec'y of Health & Hum. Servs., 901 F.2d 1306, 1310 (6th Cir. 2007). However, the undersigned finds that the ALJ fulfilled this requirement, by addressing all alleged physical and mental impairments in his opinion. [See Tr. 18, 20].

7

The Sixth Circuit Court of Appeals has held, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination." Loy v. Sec'y of Health & Hum. Servs., 901 F.2d 1306, 1310 (6th Cir. 1990); see also, Despins v. Comm'r of Soc. Sec., 257 Fed. Appx. 923, 931 (6th Cir. 2007). Multiple factors show that the ALJ properly considered the combined effect of the Plaintiff's impairments. Despite analyzing the Plaintiff's impairments separately, the ALJ noted that he found that no "combination of impairments" met the listings for disability. [Tr. 19]. The ALJ expressly reviewed singleton's mental impairments [Tr. 18] and physical impairments [Tr. 20]. The ALJ did not include mental impairments in the Plaintiff's residual functional capacity, or hypothetical questions, because he expressly found that the mental impairments caused only "minimal limitation." [Tr. 18]. The ALJ complied with the regulations by considering the combined effects of all of the Plaintiff's mental and physical impairments, and the Plaintiff's argument to the contrary is without merit.

## C. Durational Requirement of Substantial Gainful Activity

The Plaintiff argues that the ALJ ignored the "durational requirement of substantial activity" as set forth in the Ninth Circuit case of Gatliff v. Comm'r of Soc. Sec. Admin., 172 F.3d 690 (9th Cir. 1999). Gatliff held that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." Id. at 694. The Sixth Circuit has recognized that substantial gainful activity is subject to a durational requirement. See Parish v. Califano, 642 F.2d 188, 192 (6th Cir. 1981) ("the phrase 'substantial gainful activity' implies employment with some degree of regularity."); see also, Robbins v. Astrue, 6:09-145-KKC, 2010 WL 2464960 (E.D. Ky. June 14, 2010).

The case at bar is clearly distinguishable from the facts that were established by the claimant

8

in Gatliff. Gatliff involved a claimant who, it was undisputed, could not maintain any single job for longer than two months. The Ninth Circuit held that if a plaintiff could establish that she could hold a job for "only a short period of time," then the plaintiff is considered to be unable to engage in "substantial gainful activity." Id. at 694. The ALJ herein determined that the Plaintiff had the residual functional capacity to engage a limited range of light work; the ALJ did not find that there was a durational limitation on the Plaintiff's ability to maintain employment. [Tr. 19]. The ALJ conducted a thorough review of the evidence, and formulated a residual functional capacity for the Plaintiff, which did not include a durational limitation. Singleton has failed to provide evidence to show why the Court should now find a durational limitation, when none was found by the ALJ below. See Garland v. Astrue, 6:07-181-DLB, 2008 WL 2397566 at *6 (E.D. Ky., June 10, 2008) ("[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment."). The ALJ's decision regarding the Plaintiff's ability to maintain employment is supported by substantial evidence, and will not be disturbed by this Court.

    **D.    ALJ's Failure to Include Psychological Symptoms in Hypotheticals to Vocational Expert**

The Plaintiff's final argument is that the ALJ failed to include psychological symptoms in the hypothetical questions to the vocational expert. [R. 11 at 2, 5]. In his opinion, the ALJ found that any mental impairments caused Singleton no more than "minimal limitation." [Tr. 18]. Furthermore, the ALJ ultimately found that his testimony regarding "the intensity, persistence and limiting effects" of his symptoms was not entirely credible. [Tr. 20].

In questioning a vocational expert regarding a claimant's impairment, the ALJ is not required to include a listing of all the claimant's medical conditions, Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004), nor is the ALJ required to include conditions that he finds to be

9

inconsistent with the record as a whole. Foster v. Halter, 279 F.3d 348, 356 (6th Cir. 2001). The ALJ is only required to incorporate those limitations which he finds to be credible. Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993). A claimant's impairments "may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Griffeth v. Comm'r of Soc. Sec., 217 Fed. App'x. 425, 429 (6th Cir. 2007) (internal citation omitted). The ALJ's decision not to include any mental limitations in his questions to the vocational expert is supported by substantial evidence. The ALJ found that the Plaintiff's testimony regarding the severity of his symptoms was not entirely credible, and that any mental impairments caused only "minimal limitations" on the Plaintiff's ability to perform "basic mental work activities." [Tr. 18, 20]. Though the Plaintiff claims that mental limitations should be included, he has failed to cite anything in the record indicating that he suffers from any work-related limitations caused by depression, and how these limitations would affect the ability to return to his past relevant work. See Mitchell v. Astrue, 256 Fed. App'x. 770, 772 (6th Cir. 2007); see also, Griffeth v. Comm'r of Soc. Sec., 217 Fed. App'x. 425, 429 (6th Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 11] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 12] be GRANTED, and that Judgment be entered affirming the Commissioner's final decision.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation

are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 28, 2010.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge