UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RANDY SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-333-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiff, Randy Singleton, brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant, the Social Security Administration, which denied his application for a period of disability, disability insurance benefits, and supplemental social security income benefits. [R. 2.] Consistent with the Court's practice and pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation containing the proposed findings and recommendations. [R. 13.]

On June 28, 2010, Magistrate Judge Atkins filed his Report and Recommendation. [R. 14.] In his Report, the Magistrate Judge concluded that the decision of the administrative law judge ("ALJ") was supported by substantial evidence. [*Id*.] On July 2, Singleton filed his objections to the Report and Recommendation. [R. 15.] It appears that Singleton objects to the Report's conclusion that the ALJ did not err in declining to give controlling weight to Singleton's treating physician. [*Id*.]. Singleton does not specifically make this objection but

instead states, "The report sets out that Dr. Saylor's report should be given controlling weight only when well supported by medically acceptable clinical and laboratory diagnostic techniques or when it is consistent with other substantial evidence in the case." He then goes on to list three pieces of evidence (X-ray, MRI, and the "longitudinal records of Dr. Saylor...") and asks the Court to set aside the Report and Recommendation. [*Id.*]

This Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). "It is error to give an opinion controlling weight simply because it is the opinion of a treating source *if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques* or *if it is inconsistent with the other substantial evidence in the case record*." SSR 96-2p 1996 WL 374188 at *2 (July 2, 1996) (emphasis added). The fact that there is evidence in the record that supports the treating physician's conclusions and opinions does not mean that the ALJ erred in refusing to give those opinions controlling weight. A court must defer to the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

Substantial evidence supports the ALJ's conclusion that Dr. Saylor's opinion was inconsistent with other evidence in the record. [Tr. 20 (discussing Dr. Burchett's report that the claimant had "zero of 18 standard fibromyalgia trigger points," no sign of muscle spasms, no tenderness in arms or legs, normal nerves and reflexes, and "full range of motion throughout the body;" and the non-examining State agency physicians who concluded that Singleton was capable of performing a "wide to full range of medium-level work."] Substantial evidence also

supports the ALJ's conclusion that Dr. Saylor's opinion was offered "without analysis, elaboration, or rationale." [Tr. 17, 20 (citing Exhibits 1F, 3F, 4F, 5F, 10F).] Finally, the Court notes that the evidence Singleton points to in his objection (X-ray report showing spina bifida, MRI reflecting scoliosis, and spondylosis, spondylolisthesis, and complaints of muscle ache and pain) is not inconsistent with the ALJ's findings. In fact the ALJ specifically found that Singleton suffers from "the following severe impairments: spina bifida, spondylosis and spondylolisthesis..." The ALJ simply concluded that Dr. Saylor's opinion that Singleton could not work "in any useful form," for the reasons discussed above, was not to be given controlling weight.

In sum, having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. [R. 14.]

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** that

(1) the Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 15] are **OVERRULED**;

(2) the Magistrate Judge's Report and Recommendation [R. 14] is **ADOPTED** as and for the opinion of this Court;

(3) the Plaintiff's Motion for Summary Judgment [R. 11] is **DENIED**;

(4) the Defendant's Motion for Summary Judgment [R. 12] is **GRANTED**; and

(5) judgment in favor of the Defendant will be entered contemporaneous herewith.

This the 9th day of March, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge